IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01421-BNB

FRANKLIN LEE FORTNEY, JR.,

    Plaintiff,

v.

MRS. B. FARMER,
MRS. RYNOLDS, and
DR. HOWARD,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Franklin Lee Fortney, Jr., currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Fortney has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Fortney is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Fortney will be ordered to file an

amended prisoner complaint.

Mr. Fortney alleges that Defendants committed medical malpractice. (ECF No. 1 at 3). He asserts that he injured his right hand during a fight on February 22, 2014. (*Id.*). He contends that x-rays were taken on February 24, 2014, but that he was not informed of the results until March 31, 2014, despite submitting kites, grievances, and grievance appeals. (*Id.* at 3-4). Mr. Fortney alleges that because prison officials delayed adequate medical care, he was required to undergo surgery in May 2014 to repair the damage to his hand. (*Id.*). Construing the allegations liberally, it appears that Mr. Fortney is attempting to assert an Eighth Amendment claim based on a prison official's deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

To state a claim in federal court, the "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v.*

*Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisory defendants may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The Complaint is deficient because Mr. Fortney fails to allege the personal participation of each named Defendant in a violation of his constitutional rights.  Mr. Fortney does not allege any facts in the text of the Complaint to show how Defendants were involved in the alleged constitutional deprivations.  In fact, he does not even mention any Defendant in the text of the Complaint.  Thus, Mr. Fortney fails to allege the requisite personal participation of the named Defendants.  In the amended prisoner complaint, Mr. Fortney must allege specific facts to show how each named Defendant violated his constitutional rights.

Mr. Fortney also is reminded that it is his responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Fortney's handwriting is either illegible or difficult to read, which makes understanding his handwritten allegations difficult.  Pursuant to Rule 10.1 of the Local Rules of Practice

for this Court, Mr. Fortney is required to file legible papers.  *See* D.C.COLO.LCivR 10.1(g).  Finally, the Court will not consider any claims raised in separate lawsuits, complaints, attachments, amendments, supplements, motions, addenda, or other documents not included in the amended Prisoner Complaint Mr. Fortney is directed to file.  Accordingly, it is

ORDERED that Plaintiff, Franklin Lee Fortney, Jr., file **within thirty (30) days from the date of this order,** an amended Prisoner Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Fortney shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Fortney fails to file an amended prisoner complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.

DATED May 22, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge