IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01421-BNB

FRANKLIN LEE FORTNEY, JR.,

    Plaintiff,

v.

MRS. B. FARMER,
MRS. RYNOLDS, and
DR. HOWARD,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Franklin Lee Fortney, Jr., is a prisoner currently incarcerated at the Denver Reception & Diagnostic Center in Denver, Colorado.  Mr. Fortney initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

    On May 22, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because it did not allege the personal participation of each named Defendant in a deprivation of Plaintiff's constitutional rights.  Magistrate Judge Boland ordered Mr. Fortney to file an amended prisoner complaint, on the court-approved form, within thirty (30) days of the May 22 Order.  On June 20, 2014, Mr. Fortney filed an Amended Prisoner Complaint (ECF No. 7).

    Mr. Fortney has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Mr.

Fortney's claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The Court must construe Mr. Fortney's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Complaint will be dismissed, in part.

In the Amended Complaint, Mr. Fortney alleges that on February 22, 2014, he broke his right hand during a fight. (ECF No. 7 at 3). He further alleges that x-rays were taken on February 24, 2014, but that he did not receive the results or proper medical care until March 31, 2014 when he saw an orthopedic doctor who informed Plaintiff that he need surgery because "the bone had been allowed to fuse together." (*Id.* at 3-6). Mr. Fortney alleges that he grieved his medical issue to Defendants Farmer and Rynolds, who failed to take appropriate remedial action. (*Id.* at 4-5). Mr. Fortney further alleges that sometime after February 24, 2014, he had a medical appointment with Defendant Howard for an asthma check-up and requested that Dr. Howard examine his hand. (*Id.* at 6). Mr. Fortney contends that Dr. Howard "pulled my x-ray results up but could not find the pictures but there was a note saying that it was broken and disslocated [sic]." (*Id.*). He asserts that she nonetheless refused to provide timely medical treatment. Mr. Fortney seeks monetary relief.

Mr. Fortney cannot maintain claims against Defendants Farmer and Rynolds on

the basis that they denied or ignored his grievances advising them of a perceived constitutional deprivation. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Because Mr. Fortney fails to allege specific facts to show that Defendants Farmer and Rynolds were personally involved in a deprivation of his constitutional rights, those Defendants are improper parties to this action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Fortney's claim against Defendant Howard does not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Defendants Farmer and Rynolds are DISMISSED from this action for Plaintiff's failure to allege their personal participation in the alleged constitutional deprivations. It is

FURTHER ORDERED that Plaintiff's claim against Defendant Howard shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this  1st  day of    July         , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court